JOSHUA A. JACKSON v. ADDISON HEWLETT, JR., ADMINISTRATOR OF THE ESTATE OF ESTELLE WRIGHT.

(Filed 25 May, 1938.)

**Husband and Wife § 4b—**

A wife's contract with her husband to repay him for sums expended by him in the repair and improvement of her real estate is void unless in writing and acknowledged in the manner prescribed by C. S., 2515.

APPEAL by plaintiff from *Spears, J.,* at December Term, 1937, of NEW HANOVER. Judgment affirmed.

*John D. Bellamy & Son for plaintiff, appellant.*
*C. D. Hogue and Addison Hewlett, Jr., for defendant, appellee.*

PER CURIAM. Plaintiff instituted his action against the administrator of the estate of his divorced wife for the recovery of certain amounts expended by him for repairs and improvements placed upon the house of his said wife. It was alleged that the expenditures were made in 1918, shortly before the marriage, upon her oral promise to pay therefor.

Plaintiff and defendant's intestate were married in 1918, and were divorced in 1933. Thereupon the defendant's intestate removed to the State of Massachusetts, and died in 1935. Defendant pleaded the statute of limitations, and also that the alleged contract to pay was void for failure to comply with C. S., 2515. Judgment was rendered for defendant and plaintiff appealed.

If the contract for repayment to the plaintiff was made prior to the marriage in 1918, action thereon was barred by the statute of limitations, and, if made subsequent to the marriage, it was invalid because not in writing and acknowledged in the manner prescribed by C. S., 2515. In either event, plaintiff's action was properly dismissed.

Judgment affirmed.